RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/13/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEONARD BROWN | DOCKET NO. 1:13-CV-458; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| WARDEN GARVAJAL, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Leonard Brown filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 4, 2013. Brown is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his security and/or custody classification, claiming that the numbers have been falsified.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

Petitioner claims that staff members have conspired to falsify his security points in order to keep him at USP Pollock. [Doc. #1, p.5] Specifically, he alleges that the "living skills section" on his custody classification form should have a score of +2 points instead of +1 point. That would give him an overall score of 21 points, which would designate him as medium security and eligible for a transfer to a Federal Correctional Institution.

Petitioner also raises claims in attachments to his petition alleging First Amendment violations and retaliation.

*Law and Discussion*

Generally, §1983 or <u>Bivens</u> suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. <u>See</u> <u>Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't</u>, 37 F.3d 166, 168 (5th Cir. 1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. <u>See</u> <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 439 (5th Cir. 1989). As the Fifth Circuit has discussed, the distinction becomes blurry when a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody. Thus, the Fifth Circuit Court of Appeal has "[...]adopted a simple, bright-line rule for resolving such questions." <u>Carson v. Johnson</u>, 112 F.3d 818, 821 (5th Cir. 1997). That is, **if "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit**. <u>See</u> <u>id.</u> citing <u>Orellana v. Kyle</u>, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam), *cert. denied*, 516 U.S. 1059 (1996).

Brown claims that a "correction" of his classification score would make him eligible for a transfer to a Federal Correctional Institution. Petitioner has not alleged that a favorable determination would **automatically entitle him to a speedier release from custody**. Thus, the proper vehicle for raising Plaintiff's claims would be a civil rights suit. It should be noted that, as Brown stated, even if his classification score was "corrected," it

would only render him *eligible* for a transfer; it would not guarantee a transfer. It is well-settled that inmates do not have a constitutionally-protected interest in being assigned to a particular prison facility. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). In fact, prison systems have broad discretion in the classification of inmates, and the federal courts will not interfere with classification decisions except in extreme circumstances. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989); Young v. Wainwright, 449 F.2d 338 (5th Cir. 1971). Under 18 U.S.C. § 3621(b), the Bureau of Prisons may direct confinement in any available facility and may transfer a prisoner from one facility to another at any time.

### *Conclusion*

Because Petitioner does not meet the bright line test established by the Fifth Circuit - that a favorable determination will automatically entitle him to accelerated release - his case is not a proper Section 2241 case. Moreover, he has no constitutional right to a transfer to an FCI or any other facility. Therefore, **IT IS RECOMMENDED** that Brown's petition pursuant to Section 2241 be **DENIED AND DISMISSED.**

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 12th day of June, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE